UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                      **MEMORANDUM OF LAW & ORDER**
                        Criminal File No. 08-56 (MJD/AJB)
                        Civil File No. 11-707 (MJD)

(1) JORGE RIOS ROMAN,

        Defendant.

Jeffrey M. Bryan, Assistant United States Attorney, Counsel for Plaintiff United States of America.

Jorge Rios Roman, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Jorge Rios Roman's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Docket No. 51], his Application to Proceed Without Prepayment of Fees and Affidavit [Docket No. 52], his Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 [Docket No. 54], and his Motion to Compel [Docket No. 55].

## II.    SECTION 2255 PETITION

1

In his § 2255 Petition, Roman sets forth three grounds for relief: 1) the Government breached its plea agreement with him by failing to file a motion for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1; 2) his counsel was ineffective for failing to challenge the Government's breach of the plea agreement by failing to file a motion under § 5K1.1; and 3) the sentencing court abused its discretion by failing to depart downward based on his substantial assistance. All three of these grounds fail because the record clearly demonstrates that the Government did file a motion for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Court granted that motion, and the Court departed downward in its sentence based on Petitioner's substantial assistance. Therefore, Petitioner's claims are meritless. Roman's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Docket No. 51] is denied.

**III.    § 3582 CLAIM**

Roman requests that the Court vacate its sentence, under 18 U.S.C. § 3582, and issue a new sentence ordering the Bureau of Prisons to apply the Second Chance Act and consider releasing him to home confinement under 18 U.S.C. § 3624.

A Court may not modify a term of imprisonment once it has been imposed unless one of the sets of requirements found in 18 U.S.C. § 3582(c) has been met. The requirements have not been met in this case.

The Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  It further provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  Id. § 3624(c)(2).  The Second Chance Act applies to the Bureau of Prisons whether or not the Court mentions the Act in its judgment; the Court did not err in failing to mention the Second Chance Act in its sentencing judgment.

Additionally, Roman's release date is years away, and the statute only provides for up to twelve months in a halfway house and six months in home confinement.  If Roman were to qualify for a halfway house or home confinement, he would not be placed in those conditions for many years.  There

is no indication that, at this point, the Bureau of Prisons will not follow the Second Chance Act as it does or does not apply to Roman when the time comes for that determination. Roman's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 is denied.

### IV. MOTION TO COMPEL

Roman has also filed a Motion to Compel requesting that the Court order the Government to forward his docket sheet and sentencing report to him, so that he can prepare for any § 2255 relief to which he is entitled and see if there are any errors in his case. Because Roman's § 2255 Petition is baseless, the Court denies his Motion to Compel. To the extent that Roman seeks copies of documents filed in his case or the docket sheet, he is directed to contact the Clerk's Office.

### V. APPLICATION TO PROCEEDS WITHOUT PREPAYMENT OF FEES

There is no filing fee for a § 2255 Petition. Nor is there a filing fee for Roman's Motion for Modification. Therefore, Roman's Application to Proceed Without Prepayment of Fees and Affidavit [Docket No. 52] is denied as moot.

### VI. CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Roman's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Docket No. 51] is **DENIED**.

2. Roman's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 [Docket No. 54] is **DENIED**.

3. Roman's Application to Proceed Without Prepayment of Fees and Affidavit [Docket No. 52] is **DENIED**.

4. Roman's Motion to Compel [Docket No. 55] is **DENIED**.

5. The Court denies a Certificate of Appealability is this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 20, 2011                s/ Michael J. Davis
                                                  Michael J. Davis
                                                  Chief Judge
                                                  United States District Court